IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)
3:22-cv-13-BJB

DESTINEE SMITH
4414 Tara Gale Court
Louisville, Kentucky 40216

PLAINTIFF

v.

GLA COLLECTION CO., INC.
2630 Gleeson Lane
Louisville, Kentucky 40299

DEFENDANTS

SERVE: Michael L. Lynch
2630 Gleeson Lane
Louisville, Kentucky 40299
(BY CERTIFIED MAIL)

AND

CREDIT CLEARING HOUSE OF AMERICA, INC.
120 E. Market Street
Louisville, Kentucky 40202

SERVE: Michael T. Gardner
120 E. Market Street
Louisville, Kentucky 40202
(BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE: CSC-Lawyers Incorporating Service Co.
421 W. Main St.
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

SERVE: The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE: CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Destinee Smith, and for her Verified Complaint against the Defendants, GLA Collection Co., Inc. ("GLA"), Credit Clearing House of America, Inc. ("CCHA"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; GLA's and CCHA's false reporting of alleged medical collection accounts on Plaintiff's Equifax, Experian, and Trans Union credit reports; and Defendants' failure to correct their false reporting on Plaintiff's credit reports.

## II. PARTIES

2.     Plaintiff, Destinee Smith, is currently, and was at all relevant times, a citizen of the Commonwealth of Kentucky residing at 4414 Tara Gale Court, Louisville, Kentucky 40216.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, GLA, is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299.

5.     GLA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, CCHA, is a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 120 E. Market Street, Louisville, Kentucky 40202.

7.     CCHA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8.     Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10.    Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11.    Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal

place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16. Experian is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

17. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

18. In or around October 2020, Plaintiff accessed her Equifax, Trans Union, and Experian credit reports and discovered false and derogatory tradelines furnished by GLA, Credit Bureau Systems ("CBS"), and CCHA regarding alleged medical collections accounts.

19.    Immediately upon her discovery of the reporting of the collection accounts, Plaintiff disputed the tradelines with Equifax, Trans Union, and Experian.  Specifically, Plaintiff disputed ten (10) GLA accounts to Equifax, Experian, and Trans Union; a single CBS account to Trans Union and Equifax; and a single CCHA account to Trans Union.  In her disputes, Plaintiff stated that, during the time period these bills were incurred, she was insured by Medicaid.

20.    Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GLA, CBS, and CCHA of the disputes at or within five (5) days of receiving notice of the disputes from Plaintiff.

21.    Plaintiff never received the results of her disputes to Equifax, Experian, and Trans Union. In December 2020, however, Plaintiff again accessed her credit reports and discovered that the subject tradelines were reporting as they had been reporting prior to her disputes. Despite Plaintiff's lawful request for removal of the tradelines, GLA, CBS, CCHA, Equifax, Trans Union, and Experian refused to delete the tradelines from Plaintiff's credit reports.

22.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – GLA

23.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

24.    GLA's failure to investigate Plaintiff's disputes and its initial and continuing false

reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due GLA accounts are violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

25. GLA's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which GLA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – CCHA**

26. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. CCHA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due CCHA account are violations of CCHA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

28. CCHA's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which CCHA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

29. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time, following Equifax's

receipt of Plaintiff's disputes, are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

32. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

33. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

34. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Experian's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Experian's duty to ensure

maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

39. Experian's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – GLA**

41. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

42. GLA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due GLA accounts, despite GLA's knowledge of the falsity of its reporting, are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

43. Given GLA's knowledge of the falsity of its reporting, GLA's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which GLA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – CCHA**

44. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

45. CCHA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due CCHA account, despite CCHA's knowledge of the falsity of its reporting, are willful violations of CCHA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

46. Given CCHA's knowledge of the falsity of its reporting, CCHA's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which CCHA is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

47. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

49. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

50. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report are willful violations of Trans Union's

duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

52. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Experian's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

55. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Destinee Smith, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s*David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

image0.jpeg Open with

VERIFICATION

I, Destinee Smith, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Destinee Smith

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Destinee Smith this 14th day of December, 2021.

Notary Public

Commission expires: 04-16-2022

NICHOLAS FLANDER
Notary Public
Kentucky - State at Large
My Commission Expires Apr 16, 2022

13